THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:18-cr-00035-MR-WCM-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| JEROME DON PATTON, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Relief from a Judgement by Correcting Pre-Sentence Investigation Report…" [Doc. 53].

The Defendant was charged in a Bill of Indictment with one count of possession with intent to distribute quantities of cocaine, cocaine base, heroin, and marijuana, in violation of 21 U.S.C. § 841(a)(1) ("Count One"); one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Three"); and one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) ("Count Four"). [Doc. 1]. The Defendant entered into a written Plea Agreement with the Government, pursuant to which the

Defendant agreed to plead guilty to Count One in exchange for the dismissal of Counts Three and Four. [Doc. 21]. The Factual Basis filed in support of the Plea Agreement, and as agreed to by the Defendant, states that the Defendant fled the scene of a traffic stop with a black backpack. A foot chase ensued, and when the Defendant was apprehended, the black backpack was located approximately twenty feet away, with a loaded pistol and various controlled substances inside. [Doc. 22 at ¶ 5]. The Presentence Report (PSR) incorporated this Factual Basis. The PSR further notes that the Defendant has prior convictions for felony robbery with a dangerous weapon, four counts of felony second degree kidnapping, felony larceny, and felony first degree burglary. [Doc. 41 at ¶ 43].

The Defendant was sentenced to 60 months' imprisonment on November 29, 2018. [Doc. 47]. He did not file a direct appeal.

The Defendant now moves the Court for an Order redacting from his PSR "any such information by which [he] might be barred or prevented from" receiving good time credit for the successful completion of the Residential Drug and Alcohol Abuse Program (RDAP). [Doc. 53 at 2].

The Defendant's motion must be denied. The Defendant did not object at sentencing to any of the information set forth in the PSR, and he did not file a direct appeal. Accordingly, the Defendant has waived any further

challenge to the PSR. See <u>United States v. Emanuel</u>, 869 F.2d 795, 796 (4th Cir. 1989) (holding that defendant waived challenge to PSR by failing to seek direct review); <u>United States v. Scott</u>, 8 F. App'x 275, 276 (4th Cir. 2001) (per curiam) (citing <u>Emanuel</u> with approval).

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Relief from a Judgement by Correcting Pre-Sentence Investigation Report…" [Doc. 53] is **DENIED**.

**IT IS SO ORDERED.**

Signed: June 9, 2020

Martin Reidinger
Chief United States District Judge